**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4173

WALLACE ANTHONY GAITHER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4174

WALLENE ANTOINETTE GAITHER,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-98-202)

Submitted: May 31, 2000

Decided: August 14, 2000

Before MURNAGHAN, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter L. Jones, Greensboro, North Carolina; Edwin C. Walker, Act-
ing Federal Public Defender, G. Alan DuBois, Assistant Federal Pub-

lic Defender, Raleigh, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Wallace Gaither and his twin sister Wallene Gaither of conspiracy to distribute cocaine base. Both Wallace and Wallene appeal their convictions and sentences. We affirm.

Wallace Gaither asserts the district court erred in denying his motion to suppress cocaine base found in his vehicle after he was arrested on a civil warrant. We review de novo the legal determinations underlying a decision on a motion suppress. See Ornelas v. United States, 517 U.S. 690, 691 (1996); see also United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). It is undisputed the officer who arrested Wallace had a valid arrest order, and he informed Wallace of this order. After arresting Wallace, the officer properly conducted a search of his vehicle, including the passenger compartment, incident to the lawful arrest. See New York v. Belton, 453 U.S. 454, 460 (1981) (extending search incident to lawful arrest to search of passenger compartment of vehicle and any containers within passenger compartment); see also United States v. McCraw, 920 F.2d 224, 228 (4th Cir. 1990) ("Incident to an automobile occupant's lawful arrest, police may search the passenger compartment of the vehicle and examine the contents of any containers found within the passenger compartment."). Because the dangers inherent in arrests and not the particular offense provide the justification for a search incident to a lawful arrest, we find the search of Wallace's vehicle proper. Therefore, the district court correctly denied the motion to suppress the cocaine base seized during the search. See United States v. Robinson, 414 U.S. 218, 234 (1973).

2

Wallene Gaither argues the district court violated her right to compulsory process by conducting the hearing on her motion for a new trial when a witness for whom a subpoena was issued but not served was not present. We find unpersuasive Wallene's speculative allegations that Latasha Blackwell's failure to appear at the hearing required the court to continue the hearing sua sponte. Wallene did not request a continuance based on Blackwell's absence, did not object to proceeding with the hearing in her absence, and did not unambiguously argue to the court that Blackwell had repudiated her trial testimony. Furthermore, Wallene failed to establish she exercised due diligence in securing Blackwell's attendance. In fact, the district court noted that the addresses Wallene supplied for service of the subpoena on Blackwell were incorrect. Accordingly, we find no error.

We therefore affirm the convictions and sentences of Wallace and Wallene Gaither. We deny Wallace Gaither's pro se motions for an extension of time to supplement the record and for substitution of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3